780 May 29, 2025 No. 473

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THE ENVOY GROUP, LLC,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Tessa Ribitsch,
*Respondents.*

Employment Appeals Board
2024EAB0008R;
A183873

Submitted April 29, 2025.

Daniel O. Schmidt, Brandy T. Cody, and Fisher & Phillips LLP filed the brief for petitioner.

Dustin Buehler waived appearance for respondent Employment Department.

No appearance for respondent Tessa Ribitsch.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Employer appeals an Employment Appeals Board (EAB) decision affirming an administrative law judge's (ALJ) determination that claimant had good cause to voluntarily leave her job and was thus not disqualified from receiving unemployment benefits. ORS 657.176(2)(c). Employer did not participate in the hearing before the ALJ, which was resolved solely on the basis of claimant's evidence. After the ALJ found in claimant's favor, employer unsuccessfully appealed that decision to the EAB. Employer moved to reconsider the EAB's affirmance and, for the first time, submitted evidence. The EAB adhered to its original decision, declining to consider the new evidence because employer offered no explanation for its failure to offer the evidence sooner. *See* OAR 471-041-0090(1)(b) (new evidence will not be considered by the EAB absent a showing that "[f]actors or circumstances beyond the party's reasonable control prevented the party from offering the additional evidence into the hearing record"). On appeal, employer appears[1] to rely entirely on that new evidence that was not admitted into the record to argue that the decision below was incorrect. Because we are limited to the record before the agency, ORS 183.450(2), employer provides no basis for reversal.

Affirmed.

---

[1] Employer did not provide citations to the record in its brief in violation of ORAP 5.20(1) ("Briefs, when referring to the record, shall make appropriate reference to pages and volumes of the transcript or narrative statement.").